ORDERED.

Dated: **May 24, 2018**

*Catherine McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Case No. 8:17-bk-06108-CPM
                                                                Chapter 13

Laura Elizabeth Powell
    Debtor.[1]
_____/

**AMENDED\* ORDER GRANTING MOTION TO DISMISS CHAPTER 13 CASE**
(THE ORDER IS EFFECTIVE ON THE 15TH DAY FOLLOWING DATE OF ENTRY)

THIS CASE came on consideration for the purpose of the entry of an appropriate order following the entry of an Order Reserving Ruling on Trustee's Motion to Dismiss for Failure to Make Payments and Granting Period to Cure Default on January 29, 2018 (the "Order") (Doc #26). By submission of this Order Dismissing the Chapter 13 case, the Trustee advises the Court that the Debtor[1] failed to comply with the Order, it is therefore

**ORDERED**:

    1.    The Motion to Dismiss is granted.

    2.    This case is DISMISSED without prejudice.

    3.    The Trustee shall return to the Debtor any remaining funds on hand not previously disbursed, notwithstanding any other court orders, and shall thereafter file his final

---

\* Amended only to revise paragraph 7 to address pending motions for stay relief filed by BSI. This amended order does not change the effective date of dismissal, which is May 15, 2018 (based on entry of the dismissal order on April 30, 2018).

[1] All references to "Debtor" include and refer to both of the Debtor in a case filed jointly by two individuals.

report, upon which filing, he will be discharged of his duties as Trustee. The Trustee shall return the aforementioned funds on hand to the Debtor, in care of the Debtor's attorney, when represented by an attorney.

4. The Debtor, the Trustee, or any party in interest, may, within 14 days from the date of this Order, request the Court to examine the fees paid to Debtor's attorney and request disgorgement of any portion deemed excessive. The Court shall retain jurisdiction for this purpose.

5. The Debtor(s) may convert this case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.

6. If the automatic stay imposed by 11 U.S.C. § 362(a) or § 1301 is in effect at the time this Order is entered, the stay is extended 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

7. With respect to pending motions for stay relief (Doc. Nos. 31 and 32) filed by BSI Financial Services, as Servicing Agent for HMC Assets, LLC ("BSI"), the Court confirms that the automatic stay terminates by operation of law under 11 U.S.C. § 362 upon the effective date of dismissal of this case. Therefore, after such date this bankruptcy filing will no longer bar BSI (or other creditors) from pursuing any lawful remedies they have against the Debtor, property of the Debtor, or any co-debtor of the Debtor under applicable non-bankruptcy law.

Chapter 13 Trustee, Jon M. Waage is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.